**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BRAHEEM CHURCH**, *individually and on behalf of all others similarly-situated*<br>1905 E. Venango Street<br>Philadelphia, PA 19134<br><br>**Plaintiff**,<br><br>**v.**<br><br>**TOP CHOICE HOME CARE LLC**<br>8725 Frankford Avenue<br>Philadelphia, PA 19136<br><br>and<br><br>**SAMERA BUTLER**,<br>216 N 5th Avenue, Apt 3<br>Long Branch, NJ 07740<br><br>**Defendants.** | CIVIL ACTION NO.: ____________<br><br>***JURY TRIAL DEMANDED*** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Braheem Church ("Plaintiff") hereby brings this collective/class action against Defendant Top Choice Home Care LLC and Defendant Samera Butler (collectively, "Defendants"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this Complaint contending that Defendants have unlawfully failed to pay him and other similarly-situated individuals employed in the position of Direct Care Worker or in positions with similar job duties ("Class Plaintiffs") overtime compensation and minimum wages owed pursuant to the requirements of and in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §

333.100, *et seq.*, and the Philadelphia Wage Theft Ordinance ("PWTO"), Phila. Code § 9-4301 *et seq.*

2. Plaintiff further alleges that Defendants failed to pay Plaintiff and Class Plaintiffs agreed upon wages for all compensable work performed for Defendants pursuant to the requirements of and in violation of the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.* and the PWTO.

3. Accordingly, Plaintiff contends that he and Class Plaintiffs are owed unpaid minimum, regular, and overtime wages which are due and owing that were denied to them as a result of Defendants' unlawful pay practices.

4. Plaintiff brings this action as a representative action under the FLSA, PMWA, WPCL, and PWTO for all available relief, including monetary damages and penalties, to seek redress for Defendants' willful, unlawful, and improper conduct.

5. Additionally, Plaintiff contends that Defendant violated the FLSA and PWTO by discriminating and retaliating against him and terminating his employment because he complained about Defendants' wage violations; Plaintiff seeks damages for these violations as well.

## PARTIES

6. Plaintiff Braheem Church is a citizen of the United States and Pennsylvania who currently resides at 1905 E. Venango Street, Philadelphia, PA 19134.

7. Upon information and belief, Defendant Top Choice Home Care LLC is a Pennsylvania company with a registered office address of 1213 Vine Street, Suite 108, Philadelphia, PA 19107 and a principal place of business located at 1954 Germantown Avenue, Floor 1, Philadelphia, PA 19122.

8. Upon information and belief, Defendant Samera Butler ("Butler") is an adult resident of the Commonwealth of Pennsylvania, where, upon information and belief, she maintains a residence at 216 N 5th Avenue, Apartment 3, Long Branch, NJ 07740.

9. Upon information and belief, Defendant Butler is the owner, president, and governor of Defendant Top Choice Home Care LLC.

10. Upon information and belief, Defendants, in the past 3 years, had annual dollar volume of sales or business done of at least $500,000, and employed multiple employees (including, but not limited to Plaintiff) engaged in commerce within the meaning of the FLSA.

11. At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## JURISDICTION AND VENUE

12. Paragraphs 1 through 11 are hereby incorporated by reference as if the same were fully set forth at length herein.

13. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

14. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

15. Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

16. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendants do significant business in this district and the unlawful practices of which Plaintiff is complaining were committed herein.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17. Paragraphs 1 through 16 are hereby incorporated by reference as though the same were fully set forth at length herein.

18. This action is brought as a collective action to recover unpaid overtime compensation, unlawfully withheld wages, liquidated damages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendants.

19. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendants in the position of Direct Care Worker, or in positions with substantially similar job duties, who worked for Defendants at any point in the past 3 years, who were paid on a hourly basis, and who were denied minimum wages for hours worked as well as overtime compensation for hours worked over 40 in a workweek ("Class Plaintiffs").

20. Plaintiff estimates that there are in excess of 60 other similarly situated Direct Care Workers who either are working or worked for Defendants and were unlawfully denied minimum wages as well as overtime compensation at 1.5 times their "regular rate" of pay for all hours worked in excess of 40 in a workweek as a result of the unlawful practices described herein. The precise number of employees can easily be ascertained by Defendants. These employees can be identified and located using Defendants' payroll and/or personnel records. Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

21. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because Class Plaintiffs are similarly-situated. Plaintiff and Class Plaintiffs were similarly denied minimum wages for all hours worked and overtime compensation for all hours worked over 40 in a workweek, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures, and were impacted in the same fashion due to Defendants' willful policies and practices.

22. Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

23. Paragraphs 1 through 22 are hereby incorporated by reference as though the same were fully set forth at length herein.

24. Plaintiff brings this action individually, and on behalf of the following state-wide class(es) of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons who worked for Defendants at any point in the past 3 years in the position of Direct Care Worker, or positions with substantially similar job duties, who were paid on an hourly basis, and who were unlawfully denied earned minimum wages, agreed-upon wages, and/or overtime compensation ("Class Plaintiffs").

25. The members of the class(es) are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

26. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to Class Plaintiffs, including, but not limited to:

a. Whether Plaintiff and Class Plaintiffs performed compensable work for which Defendants failed to pay them;

b. Whether Defendants failed to pay Plaintiff and Class Plaintiffs agreed-upon and earned wages pursuant to the WPCL and PWTO;

c. Whether Plaintiff and Class Plaintiffs are entitled to liquidated damages under the WPCL and penalties under the PWTO;

d. Whether Defendants failed to accurately track and maintain records of all time worked by Plaintiff and Class Plaintiffs;

e. Whether Plaintiff and Class Plaintiffs are entitled to overtime compensation and minimum wages pursuant to the PMWA and PWTO;

f. Whether Plaintiff and Class Plaintiff were provided minimum wages pursuant to the PMWA and PWTO for hours worked;

g. Whether Defendants improperly failed to aggregate all compensable hours worked by Plaintiff and Class Plaintiffs toward their total hours worked for purposes of calculating overtime compensation;

h. Whether Plaintiff and Class Plaintiffs worked in excess of 40 hours per week;

i. Whether Plaintiff and Class Plaintiffs were provided overtime compensation for all hours worked in excess of 40 hours per week; and

j. Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

27. Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a former employee of Defendants who was employed in the position of Direct Care Worker who has

suffered similar injuries as those suffered by the Class members as a result of Defendants' failure to properly pay earned minimum wages, agreed-upon wages, and overtime compensation. Defendants' conduct of violating the PMWA, WPCL, and PWTO have affected Plaintiff and Class Plaintiffs in the same way.

28. Plaintiff will fairly and adequately represent and protect the interests of Class Plaintiffs. Plaintiff is similarly situated to Class Plaintiffs and has no conflict with the Class members.

29. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

30. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A. The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants;

B. Defendants, by failing to properly pay overtime compensation and wages when they became due and owing in violation of the PMWA, PWTO, and WPCL, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C. The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness, and

equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

31. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

32. Paragraphs 1 through 31 are hereby incorporated by reference as though the same were fully set forth at length herein.

33. Defendants provide home care services to seniors and disabled individuals in Pennsylvania.

34. Plaintiff worked for Defendants as a Direct Care Worker from approximately October 11, 2024 through February 13, 2025.

35. Defendants paid Plaintiff and, upon information and belief, Class Plaintiffs on an hourly basis.

36. When he was hired, Defendants agreed to pay Plaintiff a regular hourly rate of $16.50/h.

37. However, Defendants immediately and without advance notice lowered Plaintiff's regular pay rate to $14.50/h.

38. While employed by Defendants, Plaintiff typically worked 107 hours per workweek.

39. Plaintiff thus worked 40 regular hours per workweek and 67 overtime hours per workweek.

40. However, when Defendants paid Plaintiff, they improperly provided him pay reflecting 80 regular hours and 27 overtime hours per workweek.

41. In other words, when Defendants paid Plaintiff, they failed to pay him a 1.5x overtime premium for forty hours of overtime worked.

42. Defendants denied Plaintiff proper overtime compensation in this manner for the workweeks of 11/11/24, 11/18/24, 11/25/24, 12/2/24, 12/9/24, 12/16/24, 1/6/25, and 1/13/25.

43. Additionally, there were several workweeks where Plaintiff worked his routine 107 hours but Defendant did not pay Plaintiff *any* wages.

44. For example, Plaintiff worked 107 hours during each of the following workweeks but received absolutely no compensation or wages: 10/28/24, 11/4/24, 12/23/24, 12/30/24, 1/20/25, and 1/27/25.

45. Defendants did not even pay Plaintiff the minimum wage for these workweeks, let alone his regular wages.

46. Based on Plaintiff's hourly rate and overtime rate, he should have grossed $4,074.50 for each of these workweeks, but he received $0.

47. Upon information and belief, Defendants frequently failed to pay other Direct Care Workers and Class Plaintiffs earned regular, minimum, and overtime wages.

48. Indeed, there are several reviews publicly posted online from Defendants' employees who allege Defendants failed to pay them earned wages.

49. Furthermore, Plaintiff learned from a Pennsylvania Department of Labor ("PA DOL") Wage Theft Investigator that the PA DOL had received similar reports of unpaid wages from other employees of Defendants.

50. There are no exemptions under the FLSA, PMWA, WPCL, or PWTO that justify Defendants' failure to pay minimum, regular, and overtime wages to Plaintiff and Class Plaintiffs.

51. As a result of Defendants' aforesaid illegal actions, Plaintiffs and Class Plaintiffs have suffered damages, including but not limited to, loss of earned wages and pay.

52. Beginning in or around February 2025, Plaintiff began raising payroll issues to Defendants.

53. On or about February 3, 5, and 6, 2025, Plaintiff complained that Defendants had not paid him all the wages he had earned and that he never received some of his paychecks.

54. Then on or about February 7, 2025, Plaintiff complained to Defendants' Human Resources representative, Millie Stokes ("Ms. Stokes"), that Defendants were not properly paying overtime.

55. Specifically, Plaintiff complained of Defendants' failure to compensate him at a rate of 1.5 times his regular rate of pay for *all* hours worked in excess of 40 each workweek.

56. Plaintiff's complaints of Defendants' failure to pay earned wages and overtime constitute protected activity under the FLSA and PWTO.

57. In response to Plaintiff's complaints, Defendants terminated Plaintiff's employment on or about February 13, 2025.

58. It is believed and therefore averred that Defendants terminated Plaintiff in retaliation for engaging in protected activity under the FLSA and PWTO by complaining about Defendants' failure to pay overtime compensation and wages earned as aforesaid.

59. As a result of Defendants' deliberate, willful, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, wage loss, unpaid wages and overtime compensation, loss of employment, loss of earnings and earnings potential, loss of benefits and potential benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, and humiliation.

**COUNT I**
***Plaintiff Braheem Church individually and on behalf of Class Plaintiffs***
**FAIR LABOR STANDARDS ACT ("FLSA")**
**29 U.S.C § 201, *et seq.***
**FAILURE TO PAY MINIMUM WAGES & OVERTIME COMPENSATION**

60. Paragraphs 1 through 59 are hereby incorporated by reference as though the same were fully set forth at length herein.

61. Pursuant to Section 206 of the FLSA, employees must be paid minimum wages for work performed each workweek.

62. Moreover, under Section 207 of the FLSA, employees must be paid overtime compensation equal to 1.5 times the employee's regular rate of pay, for all hours worked over 40 per workweek.

63. Defendants violated the FLSA by denying Plaintiff and, upon information and belief, Class Plaintiffs minimum wages for worked performed as employees of Defendants.

64. Defendants violated the FLSA by denying Plaintiff and, upon information and belief, Class Plaintiffs overtime compensation for hours worked over 40 per in a workweek(s).

65. Defendants' actions are willful, not in good faith, and in reckless disregard of

clearly applicable FLSA provisions.

66. Defendants are liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs:

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendants at any point during the past 3 years in the position of Direct Care Worker (or substantially similar positions), and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendants during the liability period, but were not paid overtime compensation or minimum wages as required by the FLSA;

C. Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

D. Adjudicating and declaring that Defendants violated the FLSA by failing to pay overtime compensation and minimum wages to Plaintiff and Class Plaintiffs;

E. Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F. Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

H. Awarding pre- and post-judgment interest and court costs as further allowed by law;

I. Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J. For all additional general and equitable relief to which Plaintiff and Class Plaintiffs may be entitled.

**COUNT II**
***Plaintiff Braheem Church individually and on behalf of Class Plaintiffs***
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968 ("PMWA")**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY MINIMUM WAGES & OVERTIME COMPENSATION**

67. Paragraphs 1 through 66 are hereby incorporated by reference as though the same were fully set forth at length herein.

68. The PWMA provides that employers must pay certain "minimum wages," including overtime wages, to their employees. *See* 43 P.S. § 333.104.

69. Defendants violated the PMWA by denying Plaintiff and, upon information and belief, Class Plaintiffs minimum wages for worked performed as employees of Defendants.

70. Defendants violated the PMWA by denying Plaintiff and, upon information and belief, Class Plaintiffs overtime compensation for hours worked over 40 per in a workweek(s).

71. As a result of Defendants' unlawful acts, Plaintiff and Class Plaintiffs have been deprived of minimum wages and overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs, and attorney's fees pursuant to the PMWA.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class Plaintiffs, prays for judgment against Defendants as follows:

A. An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and his counsel as class counsel;

B. An award to Plaintiff and Class Plaintiffs for the amount of unpaid minimum and overtime wages to which they are entitled, including interest thereon, and penalties subject to proof;

C. An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D. An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**COUNT III**
***Plaintiff Braheem Church individually and on behalf of Class Plaintiffs***
**PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW ("WPCL")**
**43 P.S. § 260.1, *et seq.***
**FAILURE TO PAY WAGES DUE AND OWING**

72. Paragraphs 1 through 71 are hereby incorporated by reference as though the same were fully set forth at length herein.

73. The WPCL provides employees with a statutory remedy to recover unpaid wages from their employer(s). *See* 43 P.S. § 260.9a.

74. Defendants agreed to pay Plaintiff and Class Plaintiffs an hourly rate in exchange for their employment and labor.

75. Defendants failed to pay Plaintiff and, upon information and belief, Class Plaintiffs agreed-upon wages for work they performed as employees of Defendants.

76. There were several workweeks where Defendants entirely failed to pay Plaintiff and, upon information and belief, Class Plaintiffs wages.

77. Defendants willfully violated the WPCL by failing to pay Plaintiff, and upon information and belief, Class Plaintiffs their earned wages.

**WHEREFORE,** Plaintiff, on behalf of himself and the Class Plaintiffs, prays for judgment against Defendants as follows:

A. An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and his counsel as class counsel.

B. An award to Plaintiff and Class Plaintiffs in an amount equal to their unpaid wages;

C. Liquidated damages under the WPCL of twenty-five percent (25%) of the unpaid wages to Plaintiff and Class Plaintiffs;

D. An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the WPCL;

E. Pre-judgment interest in an appropriate amount; and

F. An award to Plaintiff and Class Plaintiffs for any other damages available to them under the WPCL or applicable, and all such other relief as this Court may deem proper.

**COUNT IV**
***Plaintiff Braheem Church individually and on behalf of Class Plaintiffs***
**PHILADELPHIA WAGE THEFT ORDINANCE ("PWTO")**
**Phila. Code § 9-4301 *et seq.***
**WAGE THEFT**

78. Paragraphs 1 through 77 are hereby incorporated by reference as if the same were fully set forth at length herein.

79. The PWTO prohibits employers from engaging in "wage theft" which "means a violation of the Pennsylvania Wage Payment and Collection Law . . . or a violation of the Pennsylvania Minimum Wage Act . . . or any other federal or state law regulating the payment of wages, where the work is performed in Philadelphia or the employment contract underlying the violation is made in Philadelphia." Phila. Code § 9-4301.

80. The PWTO authorizes employees to file civil actions in court against employers for wage theft violations and to seek relief including but not limited to backpay, penalties, and attorney's fees and costs. *See* Phila. Code §§ 9-4305, 4307.

81. As described at length above, Defendants have engaged in willful and unlawful wage theft under the PWTO by failing to properly pay Plaintiff and, upon information and belief, Class Plaintiffs minimum wages, regular wages, and overtime, in violation of the WPCL, the PWMA, and the FLSA.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class Plaintiffs, prays for judgment against Defendants as follows:

A. An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and his counsel as class counsel;

B. An award to Plaintiff and Class Plaintiffs for the amount of unpaid wages and overtime compensation to which they are entitled, including interest thereon, and penalties

subject to proof;

C. Penalties pursuant to Phila. Code § 9-4307;

D. An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the PWTO; and

E. An award to Plaintiff and Class Plaintiffs for any other damages available to them under the PWTO or applicable, and all such other relief as this Court may deem proper.

**COUNT V**
***Plaintiff Braheem Church individually***
**FAIR LABOR STANDARDS ACT ("FLSA")**
**29 U.S.C § 215, et seq.**
**DISCRIMINATION & RETALIATION**

82. Paragraphs 1 through 81 are hereby incorporated by reference as though the same were fully set forth at length herein.

83. Under the FLSA, it is unlawful for an employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act." 29 U.S.C. § 215(a)(3).

84. Plaintiff engaged in protected activity under the FLSA as described above, including but not limited to complaining to Defendants about Defendant's unlawful failure to pay overtime and minimum wages.

85. Defendants discriminated and retaliated against Plaintiff for engaging in said protected activity by terminating Plaintiff's employment.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and benefits in an amount to be determined at trial;

B. Liquidated and compensatory damages in an amount to be determined at trial;

C. Punitive damages in an amount to be determined at trial, but sufficient to punish Defendants for their intentional, negligent, willful, wanton, and/or malicious conduct;

D. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

E. Pre-judgment interest in an appropriate amount;

F. Such other and further relief as is just and equitable under the circumstances.

**COUNT VI**
***Plaintiff Braheem Church individually***
**PHILADELPHIA WAGE THEFT ORDINANCE ("PWTO")**
**Phila. Code § 9-4301 *et seq.***
**DISCRIMINATION & RETALIATION**

86. Paragraphs 1 through 86 are hereby incorporated by reference as though the same were fully set forth at length herein.

87. The PWTO provides: "An employer shall not take retaliatory personnel action or discriminate against an employee because the employee has exercised rights protected under this Chapter." Phila. Code § 9-4304.

88. The PWTO further provides that violations of federal law regulating the payment of wages too violate the PWTO. *See* Phila. Code § 9-4301.

89. Plaintiff engaged in protected activity under the PWTO as described above, including but not limited to complaining to Defendants about Defendant's unlawful failure to pay minimum, regular, and overtime wages.

90. Defendants discriminated and retaliated against Plaintiff for engaging in said protected activity by terminating Plaintiff's employment.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A. Backpay, front pay, and benefits in an amount to be determined at trial;

B. Penalties pursuant to Phila. Code § 9-4307;

C. Compensatory and punitive damages in an amount to be determined at trial;

D. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

E. Pre-judgment interest in an appropriate amount;

F. Such other and further relief as is just and equitable under the circumstances.

**JURY DEMAND**

**Plaintiff hereby demands a trial by jury as to all issues so triable.**

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Jake D. Novelli, Esq.*

Jake Daniel Novelli, Esq.
Michael Murphy, Esq.
1628 John F. Kennedy Blvd., Suite 2000
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
jnovelli@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: March 31, 2026

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.